Gkeen, J.
delivered the opinion of the court.
This bill is filed to restrain the sale of a negro, which was levied on by the defendant, Wood, a Constable, as the property of Giles R. Bowers, at the instance of the defendants.
The proof is conclusive, that Giles R. Bowers purchased the negro with the money of the complainant, Martha Cunningham, and as her agent, for her; and that she went into the possession of Mrs. Cunningham immediately after the purchase, and so remained in her possession until the defendant levied on her as the property of Bowers.
But it is said, that the case made by the proof, differs so widely from that made in the bill, that no decree can be pronounced.
It is certainly true, that a recovery cannot be had by a party, on the proof alone; the facts, constituting the case, upon which the decree is sought, not having been set forth, either in the bill or answer. But it is also true, that the same stritness of plead-ing, is not required in Courts of Chancery as in Courts of Law. If the facts which constitute the ground of equitable jurisdiction, are stated in the bill, it is sufficient, although it may be encumbered with much irrelevant matter. In this case, the bill *418 is filed by Martha Cunningham alone, and states, that her father, John Bagby, devised to her a negro man, Lewis, for her separate use; that she sold said negro for twelve hundred .dollars, and that with four hundred dollars o_f that sum, she directed Giles R. Bowers to purchase the negro in dispute, which he accordingly did- An amended bill was filed, stating that from a reference to the will of John Bagby, it will be seen, that instead of devising the negro Lewis to Martha Cunningham alone, he was devised to her, and her children, James, Martha, Margaret, Jane, Angelina and Mary Ann, all of whom (except Mary Ann,) are made complainants, and the said Mary Ann, (who is the wife of the defendant, Giles R. Bowers,)- is made a defendant. In other respects, the allegations of the original bill are repeated, and a decree in favor of all the complainants is prayed for.
Now, so far as the controversy between the complainants and the defendants is concerned, there is no discrepancy in the statements of the original and amended bill. In each, a title is set up against the right of Bowers to the negro, and consequently against the right of the other defendants, to have satisfaction of their executions by causing her to be sold. And in each the title is traced to the same source; namely, the sale of negro Lewis, who was devised in John Bagby’s will. But it is said, the evidence does not prove that the money with which the negro in controversy was purchased, was part of the proceeds of Lewis. The answer is, Mrs. Cunningham and her husband, admit, and state in the amended bill, that such was the fact. The defendants have no right to dispute this fact, or to require that it be proved. When the evidence shows beyond doubt, that Mrs. Cunningham furnished the money, and directed the negro to be purchased for her, a right to the negro in one of the complainants is clearly established: the right of the other complainants necessarily flows from the fact, that she joins them in the suit, and alleges in the bill, their joint interest. If two join in a bill for the recovery of an estate, and it turns out in the proof, that one of them furnished to the agent, who made the contract, the entire sum with which the estate was purchased, would it ever be thought that the defendant could *419 object to a decree in favor of both, because it was not proved that the fund belonged to both, although the bill of both expressly so charged? Surely not. And such is precisely the present case.
But it is said, if the negro, Malinda, is to be regarded as having been purchased with the proceeds of negro, Lewis, the defendant, Bowers, in right of his wife Mary Ann, one of the daughters of the complainant, Martha Cunningham, was part owner of Malinda, and that his interest in her was liable to seizure and sale, by virtue of the executions against him. This does not follow as a consequence, Mrs.-Cunningham furnished the money for the purchase of Malinda, and acquired through her agent, Bowers, an exclusive title to her. If she obtained that money by the sale and conversion of negro Lewis, her children who were joint owners of Lewis, would have an action of trover against her for their respective shares, as was decided the present term in the case of Rains vs. McNairy. No trust would result to them by the purchase of Malinda, for the money obtained by the sale of Lewis, had been loaned to Davis & Fraser, and the four hundred dollars that was given for Malinda, was paid, by Mrs. Cunningham’s order, by Davis to Barnes; and with this four hundred dollars Malinda was purchased; so that' the purchase was not made with the money of her children, so as to create a resulting trust in their favor. It may be, that equity would hold her a trustee for them, by reason of the fiduciary relation existing between the mother and her children, and if need be, for the attainment of justice, might follow the fund, and give to the joint owners the benefit of the acquisition of Malinda, although she was purchased in the name and for Mrs. Cunningham alone. In this point of view, the share of Bowers was not liable to be seized and sold by virtue of an execution at law; but as Mrs. Cunningham and her husband, Richard Cunningham, have admitted in the amended bill, that the price paid for Malinda, constitutes part of the price obtained for Lewis, and as they pray, that Malinda shall be held by the parties in the same way the- will of John Bagby had placed Lewis.. If these execution creditors of Bowers, who are defendants, had filed a cross bill for that purpose, they *420 would have been entitled to a decree for the share of Bowers. But this has not been done.
The only question then is, whether they shall be perpetually enjoined from proceeding in the execution of their judgment against Bowers, by the sale of the slave in controversy. And we are clearly of the opinion that this shall be done.
Let the decree be reversed, and reformed according to this opinion.